UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS, ET AL

VERSUS

ASCENSION PARISH
SCHOOL BOARD, ET AL

CIVIL ACTION

NO. 10-453-BAJ-SCR

## RULING

This matter is before the Court on a motion by defendants, State of Louisiana, Department of Education; Louisiana State Board of Elementary and Secondary Education; and Paul Pastorek in his official capacity as Louisiana State Superintendent of Education, to dismiss plaintiffs' complaint pursuant to Rules 12(b)(6) or 12(b)(1) of the Federal Rules of Civil Procedure (doc. 34). The deadline for submission of an opposition brief has passed, but no opposition has been filed.[1] Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367.

## PROCEDURAL BACKGROUND

Plaintiffs, Yolanda and Ronald Williams, individually and on behalf of their son, Jarek Williams, filed the complaint in this matter on March 13, 2010, alleging liability under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"), and the Louisiana Children with Exceptionalities Act, LSA–R.S. §17:1941

---

[1] Local Rule 7.5M provides, in pertinent part, that "[e]ach respondent opposing a motion shall file a response including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." The record demonstrates that notice of the motion was delivered by electronic mail on March 21, 2011.

(LCEA"). Plaintiffs allege that Jarek Williams qualified for special education services in the Ascension Parish School Board System, and an Individual Accommodation Plan and Behavioral Intervention Plan were provided . According to the complaint, however, Gonzales Middle School and other defendants "ignored" the plans and Jarek was subjected to "bullying, harassment, beatings and humiliation, including some incidences at the hands of school staff. This treatment included, but was not limited to being urinated on." Plaintiffs also allege that they requested that Jarek "be placed at another school, specifically the St. Amant Middle School, because of its proximity to their home." According to the complaint, "[t]he School Board arbitrarily and capriciously refused to accommodate Parent's request [to review and adjust Jarek's educational plan] and failed to allow parental input into the decision to reject placement at St. Amant Middle School, in spite [sic] of the clear mandate that parents be involved in such decisions contained in Federal and State law and regulations . . . ." Plaintiffs also allege that Jarek "suffered excessive suspensions, many of which Parents believe were retaliation for their insistence that Jarek Williams get the services mandated by the 504." (Complaint)

On December 15, 2010, the Magistrate Judge noted that none of the defendants in this matter had filed an answer or otherwise made an appearance. The Magistrate Judge further noted that there was no evidence of service of process in the record or any indication that plaintiffs had moved for an extension of time to serve any defendant. Accordingly, plaintiffs were ordered to show cause, in writing,

on December 27, 2010, why the claims should not be dismissed pursuant to Rule 4(m). The order notified plaintiffs that a "failure to timely file a written response to the order will be interpreted as the plaintiffs' consent to dismissal of their claims against all of the defendants pursuant to Rule 4(m)." (Doc. 8, p. 1).

On December 28, 2010, noting that plaintiffs had filed no response to the show cause order, the Magistrate Judge issued a Report and Recommendation in which he recommended that all claims asserted against unserved defendants be dismissed pursuant to Rule 4(m) (doc. 10). Plaintiffs subsequently filed a timely objection in which counsel for plaintiffs conceded the failure to timely serve defendants. Counsel stated that the failure was due to an "administrative oversight" and further stated that "[p]laintiffs' counsel did not appear for the Rule to Show Cause hearing set on December 27, 2010, because counsel did not receive the notice prior to the hearing." (Doc. 18).

A hearing on plaintiffs' objection to the Report and Recommendation was held before the undersigned on February 17, 2011, during which counsel for plaintiffs conceded that the defendants had still not been properly served in this matter. Plaintiffs' counsel also stated that the failure to serve was attributable only to counsel and not to plaintiffs. Counsel also noted that if the action were dismissed pursuant to Rule 4(m), prescription would bar plaintiffs from refiling their claims. (Doc. 23).

On February 22, 2011, the Court, noting that neither the failure to serve nor the failure to reply to the order to show cause were attributable to plaintiffs,

on December 27, 2010, why the claims should not be dismissed pursuant to Rule 4(m). The order notified plaintiffs that a "failure to timely file a written response to the order will be interpreted as the plaintiffs' consent to dismissal of their claims against all of the defendants pursuant to Rule 4(m)." (Doc. 8, p. 1).

On December 28, 2010, noting that plaintiffs had filed no response to the show cause order, the Magistrate Judge issued a Report and Recommendation in which he recommended that all claims asserted against unserved defendants be dismissed pursuant to Rule 4(m) (doc. 10). Plaintiffs subsequently filed a timely objection in which counsel for plaintiffs conceded the failure to timely serve defendants. Counsel stated that the failure was due to an "administrative oversight" and further stated that "[p]laintiffs' counsel did not appear for the Rule to Show Cause hearing set on December 27, 2010, because counsel did not receive the notice prior to the hearing." (Doc. 18).

A hearing on plaintiffs' objection to the Report and Recommendation was held before the undersigned on February 17, 2011, during which counsel for plaintiffs conceded that the defendants had still not been properly served in this matter. Plaintiffs' counsel also stated that the failure to serve was attributable only to counsel and not to plaintiffs. Counsel also noted that if the action were dismissed pursuant to Rule 4(m), prescription would bar plaintiffs from refiling their claims. (Doc. 23).

On February 22, 2011, the Court, noting that neither the failure to serve nor the failure to reply to the order to show cause were attributable to plaintiffs,

concluded that immediate dismissal of the claims would not serve the interests of justice. Accordingly, the Court ordered that "plaintiffs shall have fourteen days from the date of the issuance of this order to properly serve defendants. Defendants not properly served within the time specified by this order shall be dismissed without further notice to plaintiffs." (Doc. 22, p. 5).

On March 15, 2011, the Court ordered that all claims against defendants, Donald Songy, Lee Dixon, Susan Vaughn,[2] Paul Pastorek, and the Louisiana Department of Education be dismissed. The Court, however, on March 17, 2011, issued a Corrected Order and Notice pursuant to Fed.R.Civ.P. 60(a) in which the Court noted that plaintiffs had failed to properly name all defendants, as is required by Rule 4(a)(1)(A) of the Federal Rules of Procedure,[3] and the Court addressed and clarified the status of all putative defendants based upon the complaint, the record of service, and the statements of plaintiff's counsel at the hearing of February 17, 2011. After addressing all of the above, the Court provided notice that "after dismissal of the above defendants, the remaining defendants in this matter are: (1) Ascension Parish School Board; (2) State of Louisiana, Department of Education; (3) Paul Pastorek, in his official capacity as the Louisiana State Superintendent of

---

[2] Incorrectly identified in the complaint as Susan Vaugn.

[3] The Court noted that the complaint made factual allegations against persons not named in the caption and that it named persons in the caption who were not addressed in any capacity in the complaint. The Court also noted that plaintiffs had served a person neither named in the caption nor addressed in the allegations of the complaint (doc. 32).

Education; (4) Susan R. Vaugn[4] in her official capacity as Director of Special Education for the Ascension Parish School Board; and (5) Louisiana State Board of Elementary and Secondary Education."[5]

On March 21, 2011, the State of Louisiana, Department of Education; Louisiana State Board of Elementary and Secondary Education; and Paul Pastorek in his official capacity as Louisiana State Superintendent of Education filed the present motion to dismiss, arguing that the complaint should be dismissed because plaintiffs have failed to exhaust administrative remedies and because "no factual allegations were made that raise a right to relief above the speculative level" (doc. 34, p. 1).

## LAW AND DISCUSSION

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same

---

[4]*See* n. 2, *supra*, and accompanying text.

[5]Though plaintiffs subsequently filed a Motion to Set Aside Dismissal (doc. 33), the motion was directed at the prior order of dismissal which had been vacated upon issuance of the Corrected Order of Dismissal. Accordingly, plaintiffs' motion was terminated as moot.

standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on a 12(b)(6) motion, the court cannot look beyond the pleadings. *Id.* The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, will not strain to find inferences favorable to the plaintiff and will not accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

"Under the IDEA parties must exhaust administrative remedies prior to filing suit." *Thomas v. East Baton Rouge Parish School Board*, 29 F.Supp.2d 337, 338 (M.D.La., 1998) (citing, *Gardner v. School Board of Caddo Parish*, 958 F.2d 108, 111(5th Cir. 1992)); 20 U.S.C. § 1415(i). 20 U.S.C. §1415(i)(2)(B) provides that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the state has an explicit time

limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. §1415(i)(1)(A) and 20 U.S.C. §1415(i). Section 1415 also provides that "the court - - (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).

Plaintiffs acknowledge in their complaint that they are required to exhaust administrative remedies in order to bring suit. However, except for a single conclusive and dismissive allegation that "parents have exhausted those remedies," the complaint fails to address the jurisdictional prerequisite of exhaustion of administrative remedies. As is noted *supra*, the burden of proof in a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, and, in ruling upon a 12(b) motion to dismiss, a court will not accept conclusory allegations, unwarranted deductions, or legal conclusions.

Plaintiffs were put on notice of the defect by the motion to dismiss and by the answer filed by the non-movant defendants.[6] Despite such notice plaintiffs have not sought leave to amend the complaint to allege facts to properly address the requirement of administrative exhaustion, nor have they sought leave to attach the

---

[6] Defendants, Ascension Parish School Board and Susan Vaughn, filed their answer on March 27, 2011, three days after the motion was filed. In their First Affirmative Defense, those defendants assert that the complaint is insufficient to invoke the jurisdiction of the Court, and specifically asserts that plaintiffs have failed to exhaust administrative remedies. (Doc. 35, p. 1).

record of the administrative proceedings in conformance with 20 U.S.C. § 1415(i)(2)(C).

The Court further notes that, even if it were to decide that plaintiffs had alleged facts sufficient to meet their burden with regard to the jurisdictional issue of exhaustion of administrative remedies– a finding the Court does not make herein– nothing in the complaint suggests that the present suit was filed within the period specified by 20 U.S.C. §1415(i)(2)(B).

For all of the above reasons, the Court concludes that plaintiffs, having been provided ample opportunity to do so, have failed to establish subject matter jurisdiction. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See also, 2 Moore's Federal Practice, § 12.30 (Mathew Bender 3d ed.; Howard v. Lemmons, 547 F.2d 290, 290 (5th Cir. 1977) (stating that "[i]t is the duty of the district court, at any level of the proceeding, to dismiss a plaintiff's action *sua sponte* for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss").

## CONCLUSION

Accordingly, the Motion to Dismiss Plaintiffs' Complaint Pursuant to FRCP 12(b)(6), and in the Alternative, Motion to Dismiss Pursuant to FRCP 12(b)(1) (doc. 34) is hereby **GRANTED**, and this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, May 16, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA